978 So.2d 287 (2008)
In re Margrett FORD.
No. 2008-B-0274.
Supreme Court of Louisiana.
April 4, 2008.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
In 2005, the Office of Disciplinary Counsel ("ODC") filed formal charges against respondent, Margrett Ford, alleging that she neglected a legal matter, failed to communicate with a client, and failed to promptly refund an unearned fee. Prior to a hearing in the matter, respondent and the ODC filed a joint petition for consent discipline in this court, proposing that respondent be suspended from the practice of law for one year and one day, fully deferred, subject to her successful completion of a two-year period of supervised probation with conditions.[1] This court accepted the petition for consent discipline on June 24, 2005. In re: Ford, 05-1328 (La.6/24/05), 905 So.2d 287 ("Ford I"). Following the appointment of a probation monitor and the filing of a probation plan approved by the disciplinary board, respondent's probation commenced on February 20, 2006.
In January 2008, the ODC filed a motion to revoke respondent's probation. The ODC premised its motion on respondent's failure to comply with the terms of her probation, as well as her asserted failure to cooperate in the investigation of a new complaint filed against her. Specifically, at the time the ODC filed its motion to revoke probation, respondent had not yet participated in Ethics School and had not yet paid in full the costs of the disciplinary proceeding in Ford I. The ODC also asserted that respondent had failed to communicate with her probation monitor for a period of approximately six months.
The disciplinary board conducted a probation revocation hearing and thereafter filed its report with this court, recommending that respondent's probation be revoked and that the previously deferred one year and one day suspension be made executory. In its recommendation, the board rejected all of the grounds for revocation asserted by the ODC except respondent's failure to pay the costs of Ford I. The board also noted that respondent had not contacted the Louisiana State Bar Association's Practice Assistance Counsel to assist her in creating a law office management program.
On February 14, 2008, prior to any action by the court on the disciplinary board's recommendation, respondent and *288 the ODC filed a "Joint Motion to Extend Probation." In the joint motion, the parties represent that respondent has paid the Ford I costs in full as of February 1, 2008. Accordingly, rather than revoke probation, as has been recommended by the disciplinary board, the parties urge the court to extend respondent's probation for one year, or through February 19, 2009. Respondent and the ODC suggest that an extension of probation "represents a more equitable remedy for Respondent's failure to contact the Practice Assistance Counsel and will afford Respondent an opportunity to attend the mandated session of the LSBA's Ethics School."
We agree that a one-year extension of the period of probation imposed in respondent's previous disciplinary proceeding is appropriate under the circumstances. During the extended period, respondent shall:
1. Establish and maintain an effective calendaring system and method to communicate with clients and obtain the assistance of the Louisiana State Bar Association's Practice Assistance Counsel in the creation of a proper law office management program;
2. Enroll in and attend one full day of Ethics School administered by the LSBA's Practice Assistance and Improvement Committee; and
3. Respond to all reasonable requests of her probation monitor, including maintaining monthly contact with her probation monitor.

DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the Joint Motion to Extend Probation filed by respondent and the ODC, it is ordered that the two-year period of probation imposed against respondent in In re: Ford, 05-1328 (La.6/24/05), 905 So.2d 287, be extended for one year, subject to the conditions set forth herein.
NOTES
[1] The conditions were specified in the joint petition for consent discipline and included the requirement that respondent attend Ethics School and work with the Louisiana State Bar Association's Practice Assistance Counsel "in the creation of a proper law office management program."