*743
 
 hATTORNEY DISCIPLINARY PROCEEDINGS.
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Margrett Ford, an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS
 

 In 2005, this court considered a joint petition for consent discipline filed by respondent and the ODC, wherein the parties stipulated that respondent neglected a legal matter, failed to communicate with a client, and failed to refund an unearned fee. The court accepted the petition for consent discipline and suspended respondent from the practice of law for one year and one day, fully deferred, subject to two years of supervised probation with conditions.
 
 In re: Ford,
 
 05-1328 (La.6/24/05), 905 So.2d 287. Respondent’s probation commenced on February 20, 2006.
 

 In April 2006, Lesley Van paid respondent an advance deposit of $5,000 to represent him and other family members, including Gene and Georgia Rawlings, in a property dispute matter. Despite numerous attempts, neither Mr. Van nor the Rawlings were able to communicate with respondent beginning in approximately June 2006. Consequently, Mr. Rawlings, on Mr. Van’s behalf, contacted [¡.respondent’s office and requested a refund of the $5,000 advance deposit. Respondent failed to respond to this request.
 

 In May 2007, Mr. Van filed a disciplinary complaint against respondent. Respondent failed to cooperate with the ODC in its investigation of the complaint.
 

 In January 2008, the ODC filed a motion to revoke respondent’s probation, based on her failure to comply with the terms of her probation, as well as her failure to cooperate in the investigation of Mr. Van’s complaint.
 
 [1]
 
 During her testimony at the related hearing before a panel of the disciplinary board, respondent stated that she had communicated with the Rawlings following the filing of Mr. Van’s complaint when, in fact, she had not.
 

 DISCIPLINARY PROCEEDINGS
 

 In September 2008, the ODC filed one count of formal charges against respondent, alleging her conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(5) (failure to refund an unearned fee), 1.16(a)(3) (a lawyer shall withdraw from the representation of a client when the lawyer is discharged), 1.16(d) (obligations upon termination of the representation), 3.3(a) (candor toward the tribunal), 8.1(a) (a lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct).
 

 
 *744
 
 ^Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee adopted the deemed admitted factual allegations of the formal charges as its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
 

 The committee further determined respondent “intentionally, knowingly or negligently” violated duties owed to her clients and the legal profession. She caused actual harm to her clients as they paid fees that were never returned. She failed to respond to Mr. Rawlings and Mr. Van’s attempts to communicate with her. She also failed to cooperate with the ODC and provided misleading and false statements to the ODC. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the baseline sanction is suspension.
 

 The committee found the following aggravating factors present: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, submission of false evidence, false statements, or other deceptive practices during the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of |4the victim, substantial experience in the practice of law (admitted 1968), and indifference to making restitution. The committee also determined that no mitigating factors are present.
 

 The committee further found respondent exhibited a lack of diligence and an indifference to her obligation to her clients and the legal profession. She also failed to provide her clients with insufficient information and failed and refused to account for the $5,000 advance deposit. Furthermore, respondent failed to cooperate with the ODC’s investigation and made false statements in connection with this disciplinary matter. Finally, the committee found respondent has taken no part in these proceedings and has not filed any pleadings or introduced any evidence.
 

 Under these circumstances, and after considering this court’s prior jurisprudence involving similar misconduct, the committee recommended respondent be suspended from the practice of law for three years. The committee also recommended respondent be ordered to make restitution to Mr. Van in the amount of $5,000.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also determined the committee correctly applied the Rules of Professional Conduct.
 

 The board further determined respondent knowingly, if not intentionally, violated duties owed to her clients, the legal system, and the legal profession. Her ^failure to pursue her clients’ legal matter
 
 *745
 
 and her failure to return the unearned fee has caused her clients significant harm. Her failure to cooperate with the ODC has caused harm to the disciplinary system, and her misleading statements to the board has caused harm to the legal system by compromising the integrity of the disciplinary system. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the baseline sanction is suspension.
 

 The board found the following aggravating factors present: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, submission of false statements during the disciplinary process, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. Like the committee, the board found no mitigating factors present.
 

 Turning to the issue of an appropriate sanction, the board stated:
 

 the present matter is essentially a continuation of the probation revocation proceeding. Respondent was given the benefit of the doubt in the revocation proceeding and her probation was extended. Rather than resolve the complaint, Respondent chose to continue to ignore it. Therefore, Respondent should be suspended for at least one year and one day, which would have been the result if her probation was revoked.
 

 Based on this reasoning, and in light of the court’s prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day. The board further recommended respondent be ordered to pay restitution to Mr. Van in the amount of $5,000, plus legal interest.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 |,¿DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57.
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(8). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The record of this deemed admitted matter indicates respondent neglected a legal matter, failed to communicate with her clients, failed to refund a $5,000 unearned fee, made false statements to the disciplinary board and the ODC, and failed to cooperate with the ODC in its investigation. Based on these facts, respondent has violated the Rules of Professional Conduct as charged.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession,
 
 *746
 
 and |7deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent acted knowingly, if not intentionally, in violating duties owed to her clients, the legal system, and the legal profession. She caused harm to her clients in that them legal matter has been delayed, and Mr. Van continues to be deprived of his $5,000. She also harmed the disciplinary system by making misrepresentations and failing to cooperate with the ODC. Suspension is the baseline sanction.
 

 Aggravating factors present include pri- or disciplinary offenses, a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, submission of false statements during the disciplinary process, substantial experience in the practice of law, and indifference to making restitution. No mitigating factors are supported by the record.
 

 Case law indicates that a lengthy suspension is warranted in this matter. For example, in
 
 In re: Hebert,
 
 08-2785 (La.5/29/09), 9 So.3d 846, we suspended an attorney for one year and one day after the attorney neglected a legal matter, failed to communicate with his client, made false statements to his client and the ODC, and failed to cooperate with the ODC in its investigation. In
 
 In re: Waltzer,
 
 04-1032 (La.10/8/04), 883 So.2d 973, we imposed a two-year suspension upon an attorney who neglected three legal matters, failed to communicate with her clients, failed to properly terminate the representation of her clients, failed to cooperate with the ODC |sin its investigations, failed to appear in response to subpoenas personally served on her, and gave false and misleading information to the ODC.
 

 Under the circumstances, we find a one-year-and-one-day suspension will serve the purposes of disciplinary proceedings. Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day. We will also order respondent to make restitution to Mr. Van in the amount of $5,000.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Margrett Ford, Louisiana Bar Roll number 5690, be and she hereby is suspended from the practice of law for one year and one day. It is further ordered that respondent make restitution to Lesley Van in the amount of $5,000. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . After a related hearing before a panel of the disciplinary board, the board recommended that respondent’s probation be revoked and the previously deferred one-year-and-one-day suspension be made executory. However, before the court acted on the board's recommendation, the parties filed a joint motion to extend respondent’s probation. Based on the parties' arguments, the court found that "a one-year extension of the period of probation imposed in respondent's previous disciplinary proceeding is appropriate under the circumstances.” Accordingly, the court ordered that respondent's probation be extended for one year.
 
 In re: Ford,
 
 08-0274 (La.4/4/08), 978 So.2d 287.