*271 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
I iThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Margrett Ford, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1968. In 2005, this court considered a joint petition for consent discipline filed by respondent and the ODC, wherein the parties stipulated that respondent neglected a legal matter, failed to communicate with a client, and failed to refund an unearned fee. The court accepted the petition for consent discipline and suspended respondent from the practice of law for one year and one day, fully deferred, subject to two years of supervised probation with conditions. In re: Ford, 05-1328 (La.6/24/05), 905 So.2d 287 (“Ford I”). In 2008, respondent and the ODC submitted a joint motion to extend respondent’s probation based on her failure to comply with the terms of her probation and her failure to cooperate with the ODC in its investigation of a disciplinary complaint. The court granted the motion and ordered that respondent’s probation be extended for one year. In re: Ford, 08-0274 (La.4/4/08), 978 So.2d 287 (“Ford II ”). In March 2010, the court suspended respondent for one year and one day for neglecting a legal matter, failing to communicate with clients, failing to refund an unearned fee, making false statements to the disciplinary board and the ODC, and failing to cooperate with the ODC in its investigation. In re: Ford, 09-2524 (La.3/26/10), 30 So.3d 742 (“Ford III”), reh’g denied May 21, 2010. Respondent has not yet filed an application for reinstatement from Ford III. Accordingly, she remains suspended from the practice of law.
*272 Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 2011, the ODC filed two separate sets of formal charges against respondent, encompassing a total of three counts of misconduct. In each count, the ODC alleged that respondent violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(5) (failure to refund an unearned fee), 1.16(a)(1) (a lawyer shall withdraw from the representation of a client if the representation will result in a violation of the rules of professional conduct or other law), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct) of the Rules of Professional Conduct.
Respondent failed to answer either set of formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held in either matter, but the parties were given an opportunity to file with the respective hearing committees written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing |scommittees’ consideration, and both committees recommended that she be disbarred. Thereafter, the formal charges were consolidated by the disciplinary board, which subsequently filed in this court a single recommendation of discipline encompassing both sets of formal charges.

ll-DB-018

Count I — The Kennedy Matter
In May 2008, Amos P. Kennedy, Sr. hired respondent to handle his mother’s succession, for which he paid her a flat fee of $1,000 plus court costs of $400. Respondent obtained the decedent’s death certificate and sent correspondence to the children of Mr. Kennedy’s brother, but she did no other work on the succession. By letter dated January 22, 2009, Mr. Kennedy informed respondent that he needed the succession completed immediately as he had an opportunity to lease the land that was part of the estate. Mr. Kennedy heard nothing from respondent and lost the lease opportunity.
In July 2009, Mr. Kennedy sent respondent a letter demanding that she either complete the succession or refund his money by August 1, 2009. Thereafter, Mr. Kennedy heard nothing from respondent. In December 2009, Mr. Kennedy filed a disciplinary complaint against respondent. Respondent failed to answer the complaint, necessitating the issuance of a subpoena for her sworn statement. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled on October 26, 2010.
Count II — The Stewart Matter
In August 2009, Charles and Theresa Stewart hired respondent to defend them in a lawsuit involving a dispute over succession property, paying her a 14total of $2,600.[1] Some eight months after she was retained, respondent received from opposing counsel a copy of a cash sale deed for the disputed property, which respondent had failed to discover in the public records. On the day of trial, opposing counsel notified the trial court that respondent was suspended from practicing *273 law.[2] At that time, respondent informed her clients that she could not represent them, and as a result, the trial was continued. Thereafter, respondent failed to return any portion of the fee paid to her by the Stewarts.
In July 2010, the Stewarts filed a disciplinary complaint against respondent. Respondent failed to answer the complaint, necessitating the issuance of a subpoena for her sworn statement. Attempts by the Caddo Parish Sheriffs Office to serve respondent with the subpoena were unsuccessful.

ll-DB-059

The Shelton Matter

In October 2008, Sylvester and Rose Shelton hired respondent to represent them in an ongoing civil suit, paying $1,800 towards her $2,500 fee. According to the Sheltons, respondent performed no work in the matter after she was retained, and as a result, the trial court dismissed their claims against some defendants on motion for summary judgment granted in February 2010. Respondent did not withdraw from the case following her suspension in Ford III, nor did she contact her clients to advise that she could no longer represent them.
In January 2011, the Sheltons filed a disciplinary complaint against respondent. Respondent failed to answer the complaint, necessitating the issuance of a subpoena for her sworn statement. Despite being personally served with the |ssubpoena, respondent failed to appear for the sworn statement as scheduled on March 30, 2011.

Disciplinary Board Recommendation

ll-DB-018 & ll-DB-059

After reviewing these consolidated matters, the disciplinary board determined that the hearing committees’ factual findings are supported by the factual allegations in the formal charges, which were deemed admitted, and/or by the evidence submitted in support of the allegations. The board determined that respondent’s conduct violated the rules as charged.
The board found that respondent knowingly, if not intentionally, violated duties owed to her clients and the legal profession. She caused actual injury to her clients by failing to complete their legal matters and by failing to refund a total of $5,300 in unearned fees and/or unused costs. Her failure to cooperate with the ODC caused that office to expend additional resources. The board determined that the baseline sanction for respondent’s misconduct is disbarment.
The board found no mitigating factors are present. In aggravation, the board found: prior disciplinary offenses, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, substantial experience in the practice of law (admitted 1968), and indifference to making restitution.
Considering respondent’s prior disciplinary history and the absence of mitigating factors, the board recommended that respondent be disbarred. The board also recommended that respondent be ordered to make restitution to her clients, and that she be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
[fiDISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. *274 Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent neglected legal matters, failed to communicate with her clients, failed to return unearned fees and costs, failed to withdraw from the representation of her clients after her suspension in Ford III, and failed to cooperate with the ODC in its investigation. Based on these facts, respondent has violated the Rules of Professional Conduct as alleged in both sets of formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We agree with the board that respondent knowingly, if not intentionally, violated duties owed to her clients and to the legal profession. We also agree that her misconduct caused actual harm to her clients. The applicable baseline sanction in this matter is disbarment.
The aggravating factors found by the disciplinary board are supported by the record. There are no mitigating factors present.
Considering that respondent has been suspended in the past for the identical misconduct at issue here, and considering the absence of mitigating circumstances, we find that no deviation from the baseline sanction is warranted in this matter. Accordingly, we will adopt the board’s recommendation and impose disbarment.
DECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that Margrett Ford, Louisiana Bar Roll number 5690, be and she hereby is disbarred. Her name shall be stricken from the roll of attorneys and her license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent make full restitution to her clients subject of the formal charges. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence *275 thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. Although the formal charges allege that the Stewarts paid respondent $2,500, the exhibits in the record indicate that respondent received $2,600.

. The trial date is not specified in the formal charges; however, it appears from the complaint that the Stewarts’ case was set for trial in May 2010.