*389 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
|! This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Andrew C. Christenberry, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed two sets of formal charges against respondent under disciplinary board docket numbers 03-DB-052 and 05-DB-055. Respondent answered both sets of formal charges, and the matters were considered by separate hearing committees. On June 15, 2005, the matters were consolidated by order of this court. In re: Christenberry, 05-0193 (La.6/15/05), 903 So.2d 1128. The disciplinary board then filed in this court a single recommendation of discipline encompassing both sets of formal charges.

03-DB-052

The underlying facts of this matter are not in dispute, having been stipulated to by the parties.
In July 2001, Norman Hansen hired respondent to represent him in a criminal matter stemming from his arrest for lewd conduct and public drunkenness. Mr. Hansen paid respondent a $500 flat fee, and respondent agreed to attempt to have the charges dismissed, to file an expungement on Mr. Hansen’s behalf, and to | shave *390 Mr. Hansen’s $800 bond money returned. Respondent also informed Mr. Hansen that he would not need to appear at the court hearing on October 4, 2001. On the evening of October 4, 2001, respondent informed Mr. Hansen that the public drunkenness charge had been dropped and the lewd conduct charge had been expunged. Respondent further informed Mr. Hansen that the expungement paperwork would be ready in one week and, after processing by the court, the bond money would be returned. One week later, respondent and Mr. Hansen were to meet at the courthouse to deliver the ex-pungement paperwork, but respondent failed to appear. Mr. Hansen attempted to contact respondent several times but received no response. In February 2002, Mr. Hansen took it upon himself to go to the courthouse to retrieve his bond money and expungement paperwork. Instead, he learned that respondent failed to appear on his behalf on October 4, 2001. Furthermore, the criminal charges against him were still active, and his bond money had been forfeited.
On April 29, 2002, Mr. Hansen filed a disciplinary complaint against respondent. Respondent received a copy of same via certified mail but failed to respond, necessitating the issuance of a subpoena. Despite being personally served with the subpoena, respondent faded to appear for the September 4, 2002 sworn statement. However, he did appear the following day ■with a written response to the complaint dated May 31, 2002.[1] Thereafter, on September 19, 2002, respondent sent a letter to Mr. Hansen admitting his failure to represent him and offering to petition the court to reopen the final disposition of the charges and refund the bond money. Despite Mr. Hansen’s acceptance of this offer, respondent failed to petition the court.
13After the filing of formal charges against him on August 18, 2003, respondent filed a motion to set aside Mr. Hansen’s bond forfeiture and had the charges reset for trial on September 30, 2003. At this time, he also refunded the $500 fee Mr. Hansen had paid him and assisted Mr. Hansen in receiving a refund of the bond money.
Thereafter, respondent stipulated that his conduct in this matter violated the following provisions of the Rules of Professional Conduct, as those rules were in effect at the time of the misconduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (failure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(g) (failure to cooperate with the ODC in its investigation).

05-DB-055

The underlying facts of this matter are not in dispute, having been stipulated to by the parties.
In December 2001, William Blake was arrested on charges of possession of a controlled dangerous substance. On May 2, 2002, respondent received the final installment payment towards a $2,500 fee to represent Mr. Blake in his criminal matter. Mr. Blake expected respondent to obtain an expungement at the conclusion of the criminal proceedings.
Mr. Blake subsequently completed the district attorney’s pre-trial diversion pro *391 gram, and the charges were nolle prose-quied, on June 20, 2002. Upon his completion of the diversion program, Mr. Blake requested that respondent proceed with the expungement. However, respondent agreed to obtain the expungement |4only upon receipt of additional funds to cover the filing fee. Mr. Blake disputed the additional fee because he understood that it had been included in the initial $2,500 fee and had a receipt indicating payment in full for legal services. Nevertheless, respondent failed or refused to pursue Mr. Blake’s expungement during either 2002 or 2003.
In December 2003, Mr. Blake filed a disciplinary complaint against respondent. In July 2005, respondent prepared and obtained an order of expungement for Mr. Blake.
Respondent stipulated that his conduct in this matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3 and 8.4(a) (violation of the Rules of Professional Conducts).
DISCIPLINARY PROCEEDINGS

03-DB-052

As stated above, respondent answered the formal charges, wherein he essentially admitted to the alleged misconduct but insisted he did not act knowingly or intentionally. He further asserted that he mailed his May 31, 2002 response to the ODC and could provide no explanation as to why the ODC did not receive same before he hand-delivered it on September 5, 2002. Thereafter, the parties entered into the above stipulations, and the matter was set for a hearing in mitigation. During the hearing, the ODC pointed out that the response to the complaint was in fact dated before respondent received the complaint via certified mail on July 17, 2002.

Hearing Committee Report

Following the hearing in mitigation, the hearing committee found that respondent failed to handle Mr. Hansen’s legal matter and failed to respond to his requests for information and status updates. Respondent also initially failed toj^cooperate with the ODC. Ultimately, he appeared in response to the ODC’s subpoena and fully cooperated thereafter. Additionally, respondent contacted his client and eventually handled the criminal matter, paying all costs as well as refunding Mr. Hansen’s fee. As such, Mr. Hansen suffered no financial loss or criminal penalty.
Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges and later stipulated to by the parties.
Based on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that suspension is the baseline sanction. It found no aggravating factors present. In mitigation, however, the committee recognized the following: (1) respondent freely and fully admitted his actions and his violations of the Rules of Professional Conduct, (2) respondent corrected Mr. Hansen’s criminal matter, paying all costs and refunding Mr. Hansen’s fee, (3) as a public defender in Orleans Parish Juvenile Court, respondent is assigned many cases, which often results in confusion and scheduling difficulties, and (4) Mr. Hansen was not harmed by respondent’s conduct and has recovered his entire fee.
Based on the above findings, the committee recommended that respondent be suspended from the practice of law for sixty days, fully deferred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report or recommendation. However, the *392 ODC argued that an active probationary period should have been recommended with the fully deferred suspension.
After review, the disciplinary board filed its recommendation with this court in docket number 05-B-0193. In its report, the board took issue with respondent’s back-dated response to the Hansen complaint and, thus, found present the aggravating factors of bad faith obstruction of the disciplinary proceeding by 1 ^intentionally failing to comply with the rules or orders of the disciplinary agency and submission of false evidence, false statements, or other deceptive practices during the disciplinary process. The board then recommended that respondent be suspended from the practice of law for six months, with three months deferred. However, before we considered the matter, the ODC filed a motion to remand the matter to the board for consolidation with the formal charges in 05-DB-055. As stated above, on June 15, 2005, we granted the motion and consolidated the matters.

05-DB-055

The record indicates that the ODC had some difficulty in serving respondent with the formal charges filed in this matter in May 2005. As such, respondent did not answer the formal charges until November 2007. The matter proceeded to a hearing in November 2012,[2] during which the parties entered into the above stipulations, and the hearing was converted to a hearing in mitigation.

Hearing Committee Report

Following the hearing in mitigation, the hearing committee found that, in May 2002, Mr. Blake hired and paid respondent to represent him in a criminal matter. Their agreement included obtaining an ex-pungement as part of the original fee of $2,500, as documented by the receipt signed by respondent. Despite Mr. Blake’s numerous requests to obtain the expungement between 2002 and 2005, respondent did not adequately respond to his client’s inquiries, did not promptly address the financial issue in dispute, and failed to pursue the matter diligently. While respondent ultimately obtained the expungement and refunded the fee, he did not do so until after Mr. Blake filed a disciplinary complaint against him and |7after formal charges were filed against him. Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as stipulated to by the parties.
The committee further determined that respondent knowingly violated duties owed to his client, the public, the legal system, and the legal profession. His conduct harmed Mr. Blake by needlessly delaying the resolution of his legal matter. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the committee concluded that the baseline sanction is suspension.
In aggravation, the committee noted respondent’s prior disciplinary record (in the form of the pending sanction in 03-DB-052) and his substantial experience in the practice of law (admitted 1989). The committee also observed that respondent had failed to provide the ODC with additional information it requested after he replied to Mr. Blake’s disciplinary complaint.[3] The *393 committee found no mitigating factors present.
After further considering this court’s prior jurisprudence involving similar misconduct, the committee recommended that respondent be suspended from the practice of law for one year and one day, fully deferred, subject to two years of supervised probation.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

03-DB-052 & 05-DB-055

After reviewing the consolidated matters, the disciplinary board determined that both hearing committees were correct in accepting the facts as stipulated to by lathe parties, and the committees’ additional factual findings are not manifestly erroneous. The board further determined that the committees correctly concluded that respondent violated the Rules of Professional Conduct as stipulated to by the parties.
The board determined that respondent knowingly, if not intentionally, violated duties owed to his clients, the public, the legal system, and the legal profession. His misconduct resulted in actual injury to his clients, the public, and the legal system. The board concluded that suspension is the baseline sanction, based upon the ABA’s Standards for Imposing Lawyer Sanctions.
In aggravation, the board found a prior disciplinary record, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, and substantial experience in the practice of law. The board found no mitigating factors present.
After further considering this court’s prior jurisprudence involving similar misconduct, the board recommended that respondent be suspended from the practice of law for one year and one day, with all but three months deferred, followed by a two-year period of supervised probation.
Neither respondent nor the ODC filed an objection to the disciplinary board’s report and recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and | ^recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In this matter, the parties have stipulated, and the record supports a finding, that respondent neglected two legal matters, failed to communicate with a client, failed to timely refund unearned fees to a client, and failed to cooperate with the ODC in an investigation. These facts support a finding that respondent violated the *394 Rules of Professional Conduct as stipulated to by the parties.[4]
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record also supports a finding that respondent knowingly violated duties owed to his clients, the legal system, and the legal profession. His conduct caused actual harm to his clients, although he did eventually complete both representations. The baseline sanction for this type of misconduct is suspension.
1 ^Aggravating factors include multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency (respondent’s failure to cooperate with the ODC as noted above), vulnerability of the victim, and substantial experience in the practice of law. Additionally, the aggravating factor of submission of false evidence, false statements, or other deceptive practices during the disciplinary process is present because the record supports a finding that respondent intentionally back-dated his response to Mr. Hansen’s disciplinary complaint. The mitigating factors present are the absence of a prior disciplinary record[5] and the lengthy delay in the disciplinary proceedings.
Turning to the issue of an appropriate sanction, we find guidance from the case of In re: Ford, 09-2524 (La.3/26/10), 30 So.3d 742. In Ford, an attorney with a prior disciplinary record neglected a legal matter, failed to communicate with a client, failed to refund a $5,000 unearned fee, made false statements to the disciplinary board and the ODC, and failed to cooperate with the ODC in its investigation. For this misconduct, we suspended the attorney for one year and one day and ordered her to pay $5,000 in restitution. We find respondent’s misconduct to be similar to the misconduct subject of Ford. However, respondent does not have a prior disciplinary record and does not owe any restitution. As such, imposing a partially deferred suspension is warranted.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year and one day, with all but three months de *395 ferred, followed by a two-year period of supervised probation.
InDECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that Andrew C. Chris-tenberry, Louisiana Bar Roll number 19276, be and he hereby is suspended from the practice of law for one year and one day. It is further ordered that all but three months of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be placed on supervised probation for two years. The probationary period shall commence from the date respondent, the probation monitor, and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension execu-tory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Interestingly, although respondent’s reply to the complaint is dated May 31, 2002, the ODC did not mail notice of the complaint to him until July 11, 2002, and he did not receive same until July 17, 2002.

. In February 2008, the ODC requested that the formal hearing be continued without date because respondent was out of the state and would not return until March 2008. The hearing committee chair granted the ODC’s request, but the ODC, for some unknown reason, did not file a motion to reschedule the hearing until June 2012, more than four years later.

. Although the formal charges alleged a violation of Rule 8.1(c) (failure to cooperate with the ODC in its investigation) based upon respondent’s failure to provide the additional *393 information, the ODC did not pursue the charge when the parties agreed to stipulations of facts and rule violations.

. With respect to the misconduct subject of 05-DB-055, some clarification of the facts is necessary. The formal charges allege, and the record supports a finding, that respondent failed to cooperate with the ODC in its investigation by failing to provide additional information upon the ODC's request, in violation of Rule 8.1(c) of the Rules of Professional Conduct. Nevertheless, the ODC did not pursue this charge in the stipulations of facts and rule violations. Therefore, we agree with the committee and the disciplinary board's assessment of respondent's failure to cooperate with the ODC as an aggravating factor.

. Both the hearing committee in 05-DB-055 and the disciplinary board in its consolidated report found that the pending formal charges against respondent in 03-DB-052 amounted to a prior disciplinary record, a factor in aggravation. However, because the disposition of the charges in 03-DB-052 is not yet final, it is improper to consider them as prior discipline.