*801 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| j This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Margrett Ford, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Respondent was admitted to the practice of law in Louisiana in 1968. In 2005, the court considered a joint petition for consent discipline filed by respondent and the ODC, wherein the parties stipulated that respondent neglected a legal matter, failed to communicate with a client, and failed to refund an unearned fee. The court accepted the petition for consent discipline and suspended respondent from the practice of law for one year and one day, fully deferred, subject to two years of supervised probation with conditions. In re: Ford, 05-1328 (La.6/24/05), 905 So.2d 287 (“Ford I”). In 2008, respondent and the ODC submitted a joint motion to extend respondent’s probation based on her failure to comply with the terms of her probation and her failure to cooperate with the ODC in its investigation of a disciplinary complaint. The court granted the motion and ordered that respondent’s probation be extended for one year. In re: Ford, 08-0274 (La.4/4/08), 978 So.2d 287 (“Ford II ”).
In March 2010, the court suspended respondent for one year and one day for neglecting a legal matter, failing to communicate with clients, failing to refund an | ¡¡unearned fee, making false statements to the disciplinary board and the ODC, and failing to cooperate with the ODC in its investigation. In re: Ford, 09-2524 (La.3/26/10), 30 So.3d 742 (“Ford III”). In September 2012, the court disbarred respondent for neglecting legal matters, failing to communicate with clients, failing to return unearned fees and costs, failing to withdraw from the representation of her clients after her suspension in Ford III, and failing to cooperate with the ODC in its investigation. In re: Ford, 12-1016 (La.9/12/12), 98 So.3d 269 (“Ford IV”). Respondent remains disbarred from the practice of law.
*802 Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
FORMAL CHARGES
Count I — The Cutliff Matter
Donnie Cutliff paid respondent $900 to complete the succession of her father, a proceeding which had been initiated by-Ms. Cutliffs mother before she died in 2007. Pursuant to the representation, respondent filed a judgment of possession, which was denied after the judge determined it was not filed properly. Thereafter, Ms. Cutliff heard nothing from respondent and the matter did not move forward. In October 2012, Ms. Cutliff filed a disciplinary complaint against respondent. Respondent’s response to the complaint was due to the ODC by November 23, 2012. However, respondent failed to answer the complaint, necessitating the issuance of a subpoena for her sworn statement. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled.
| $Count II — The Mitchell Matter
In July 2010, Ouida Anderson Mitchell paid respondent $500 to probate the succession of her sister, who died in July 2009. Thereafter, respondent failed to complete the legal work for which she was hired. In October 2012, Ms. Mitchell filed a disciplinary complaint against respondent. Respondent’s response to the complaint was due to the ODC by November 23, 2012. However, respondent failed to answer the complaint, necessitating the issuance of a subpoena for her sworn statement. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled.
DISCIPLINARY PROCEEDINGS
In May 2013, the ODC filed two counts of formal charges against respondent, alleging that her conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a)(3) (failure to keep a client reasonably informed about the status of a matter), 1.5(f)(5) (failure to refund an unearned fee), 1.16(a)(1) (a lawyer shall withdraw from the representation of a client if the representation will result in a violation of the rules of professional conduct or other law), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct).
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

_[4Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee adopted the deemed admitted factual allegations of the formal charges as its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
The committee determined respondent knowingly violated duties owed to her clients and the legal profession. Respondent’s neglect delayed the resolution of her clients’ legal matters, resulting in actual harm. Respondent also caused actual harm to her clients by failing to return unearned fees. Her failure to cooperate in *803 the disciplinary investigation harmed the legal profession by forcing the ODC to unnecessarily expend its limited resources trying to sufficiently investigate these matters. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction for respondent’s misconduct is disbarment.
The committee found the following aggravating factors are present: a prior disciplinary record, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, substantial experience in the practice of law (admitted 1968), and indifference to making restitution. The committee found no mitigating factors present.
Recognizing the conduct at issue occurred during the same time frame as the misconduct for which respondent was disbarred in 2012, the committee recommended respondent be adjudged guilty of additional violations of the Rules of Professional Conduct, and that these violations be added to her record for consideration if and when she seeks readmission to the practice of law. The committee further recommended respondent be ordered to pay restitution to her former clients and that she be assessed with all costs of these proceedings.
IN either respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined respondent knowingly, if not intentionally, violated duties owed to her clients and the legal profession. She caused actual injury to her clients by failing to complete their legal matters and by failing to refund a total of $1,400 in unearned fees. Furthermore, respondent’s failure to cooperate with the ODC caused that office to expend additional resources. The board agreed with the committee that the baseline sanction is disbarment. The board also agreed with the aggravating factors found by the committee and found no mitigating factors present.
Turning to the issue of an appropriate sanction, the board determined respondent’s substantive misconduct occurred during the same time period as the misconduct subject of Ford IV. Accordingly, the board determined that the approach of Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), is applicable to the substantive misconduct in this case.[1] However, the board pointed out that respondent’s failure to cooperate occurred outside of the time period subject to the Chatelain analysis. Therefore, for respondent’s misconduct in failing to cooperate with the ODC in its investigation, the board recommended the |fitime period in which respondent can apply for readmission be extended by one year. Finally, the board recommended respondent be assessed with all costs of these proceedings *804 and be ordered to make restitution to her former clients.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent neglected legal matters, failed to communicate with clients, and failed to refund unearned fees. Respondent also failed to cooperate with the ODC in its investigation of the disciplinary complaints filed against her. Accordingly, we 17agree respondent violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
The record further supports a finding that respondent knowingly violated duties owed to her clients and the legal profession, causing actual harm. We agree with the hearing committee and the disciplinary board that the baseline sanction for respondent’s misconduct is disbarment. The record supports the aggravating factors found by the hearing committee and the board. There are no mitigating factors present.
Turning to the issue of an appropriate sanction, we note the substantive misconduct consists of the abandonment of two client matters. This misconduct is similar to Ford IV, which included abandonment of three client matters. Had the instant charges been considered simultaneously with the charges forming the basis of Ford IV, it would have only reinforced our view that disbarment was warranted to sanction respondent for her misconduct. Under the circumstances, we agree the substantive misconduct in the instant matter should be considered if and when respondent applies for readmission from her disbarment.
However, respondent’s failure to cooperate with the ODC commenced in November 2012, two months after we rendered our judgment in Ford IV Therefore, additional discipline is appropriate for these charges. In In re: Boudreau, 03-1890 *805 (La.12/3/03), 860 So.2d 1119, we considered a case wherein an attorney’s substantive misconduct occurred in the same general time frame as |8the attorney’s previous misconduct, but the failure to cooperate with the ODC occurred after the attorney was disciplined. Although we applied. a Chatelain analysis to the substantive misconduct, we imposed a separate six-month suspension for the failure to cooperate charge. In light of Boudreau, we agree that it is appropriate to extend the time period in which respondent can apply for readmission.
Accordingly, we will adopt the board’s recommendation. For the substantive misconduct in the Cutliff and Mitchell matters, we will apply Chatelain and adjudge respondent guilty of additional violations warranting discipline, which may be considered should she apply for readmission to the practice of law. For her failure to cooperate, we will extend by one year the time period in which respondent can apply for readmission. We will also order respondent to make restitution to her former clients.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Margrett Ford, Louisiana Bar Roll number 5690, be and she hereby is adjudged guilty of additional violations warranting discipline, which shall be considered in the event she seeks readmission after becoming eligible to do so. It is further ordered that for the misconduct which occurred outside of the time frame of In re: Ford, 12-1016 (La.9/12/12), 98 So.3d 269, the minimum period for seeking readmission from respondent’s disbarment shall be extended for a period of one year. It is further ordered that respondent shall make restitution to Donnie Cutliff and Ouida Anderson Mitchell. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest |9to commence thirty days from the date of finality of this court’s judgment until paid.

. In Chatelain, this court observed that when a second attorney disciplinary proceeding involves conduct that occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.