PER CURIAM.
| jThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Melvin N. Cade, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
In February 2005, Jamilah Ekpema hired respondent to represent her in a personal injury matter on a contingency fee basis. Respondent filed a lawsuit on Ms. Ekpema’s behalf on May 4, 2005. On June 26, 2008, respondent’s office sent Ms. Ekpema a letter advising her that the trial date was approaching. Trial was set for November 5, 2008, but the case was removed from the trial docket because respondent failed to abide by the provisions of the trial order and, thus, discovery was not complete. Thereafter, respondent failed to take any further action on Ms. Ekpema’s lawsuit. Ms. Ekpema sent respondent letters inquiring about the status of her lawsuit on February 11, 2010, March 7, 2011, November 15, 2011, and June 17, 2012. However, respondent failed to respond to these letters. On January 31, 2012, pursuant to the defendant’s motion, Ms. Ekpema’s lawsuit was dismissed with prejudice as abandoned.
| ¡¿DISCIPLINARY PROCEEDINGS
In April 2014, the ODC filed formal charges against respondent, alleging that his conducjt as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a *245 client), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
Respondent answered- the formal charges, essentially denying any misconduct. In his answer, respondent indicated that, following Hurricane Katrina, he was left with little clientele and little means of support. Therefore, he accepted full-time employment with the City of New Orleans as an Administrative Hearing Officer in the Public Works Department, which left him no time to work on Ms. Ekpema’s case. He did, however, express remorse for what occurred in Ms. Ekpema’s case.
The matter then proceeded to a formal hearing before the hearing committee in August 2014.

Hearing Committee Report

After considering the evidence and testimony presented at the hearing, the hearing committee made the following factual findings:
Ms. Ekpema testified that she was a pharmacy student at Xavier University in 2004 when she injured her left ankle and right knee in an accident. Her injuries are problematic for her profession because she is required to stand most of the day. In February 2005, she hired respondent. At their first meeting, they discussed the |scase and signed a contract. Attorney Louis Gerdes[1] was also present at the meeting, and both respondent and Mr. Gerdes signed the contract. Ms. Ekpema understood respondent was her attorney and the primary attorney representing her but that he was working with Mr. Gerdes on the case. However, every time she spoke with Mr. Gerdes, he would tell her to call respondent because respondent was the one handling her case. Respondent filed a lawsuit on her behalf, signing it as her counsel of record, and represented her at her deposition. She also testified respondent never, informed her that he would not be able to represent her, that she would need to get another attorney, or that he was going to withdraw from her case. Respondent also never informed, her that a motion to dismiss her lawsuit had been filed or that her lawsuit had been dismissed. All he ever told her was her case was going to court. While she waited for her case to go to court, she sent respondent several letters, but he never responded. She also tried to call respondent many times but was never able to speak to him on the telephone. Specifically, she denied having a telephone conversation with him wherein he told her he would no longer be able to handle her case. If she had had such a conversation with him, then she never would have sent him letters. The only time she was able to talk with respondent was when she went to his office at the New Orleans traffic hearing department and waited for him to come out. He kept telling her that he was waiting for a court date or was working out a deal with the defendant. Ms. Ekpe-ma found out her lawsuit had been dismissed by checking her case record at the *246 courthouse. She then wrote a letter to the judge to try to get her |4case reinstated, but the judge could not do anything to help her. Ms. Ekpema later found out that nothing could be done after the three years had lapsed. Ultimately, she filed a complaint against respondent with the ODC and also filed a lawsuit against him.
George Simno, III, the attorney for the defendant in Ms. Ekpema’s case, testified that the November 5, 2008 trial date was set by a motion filed by either respondent or Mr. Gerdes. He filed a motion to strike the trial date because some discovery or a witness list had not been filed and he needed more discovery. He could not remember if a hearing was held on his motion to strike, but a judgment was entered removing the trial from the docket and instructing the parties to file a motion to reset after all discovery was complete. Mr. Simno prepared the judgment and sent a copy to respondent, but respondent never responded or objected to the judgment. After three years had passed with no activity on the case, Mr. Simno filed a motion to dismiss. The motion indicated that he served both respondent and Mr. Gerdes; however, neither responded to the motion.
Respondent first testified by apologizing to Ms. Ekpema for what happened with her case. He then testified that, following Hurricane Katrina, most of his clients did not return and he did not really have an office. In 2006, he found full-time employment with the City of New Orleans conducting hearings on traffic tickets. At one point, Ms. Ekpema came to pay a parking ticket, and he told her he did not go to an office every day and work cases. He also told her his boss at the hearing office would not allow him to conduct any personal legal business while there. He further testified that, in 2007, he told Ms. Ekpema he would no longer represent her, but he never filed a motion to withdraw as her attorney and never sent her a letter to that effect. He admitted that, in 2008, he was still counsel of record even though he had told her he would no longer be handling her case. He could not remember if he made an appearance in court for the 2008 hearing on the | r,motion to strike. He also was not sure if he got Ms. Ekpema’s letters, but if he did, he did not reply. He admitted he made a mistake with Ms. Ek-pema’s case, but he also indicated that his circumstances were beyond his control because he needed to make a living and his boss at the hearing office would not allow him to conduct outside work while he was there. In further mitigation, he indicated that he had to take the job at the hearing office because he no longer had any clients and was facing jail time for not paying child support. Currently, he works part-time at the hearing office and has an outside law practice. Finally, he acknowledged his previous attorney discipline in the form of a July 2005 diversion and a June 2006 admonition, both for misconduct similar to the instant misconduct.
Based on these factual findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Specifically, the committee determined that respondent was counsel of record in a lawsuit and had an obligation to either take action to move the lawsuit forward or to properly withdraw from the representation. He did neither and also failed to appropriately communicate with Ms. Ekpema.
The committee then determined that respondent’s conduct was at least knowing, if not intentional. Accordingly, the committee found the baseline sanction to be suspension based on the ABA’s Standards for Imposing Lawyer Sanctions.
In aggravation, the committee found the following: a prior disciplinary record, a *247 pattern of misconduct, and substantial experience in the practice of law (admitted 1995). The sole mitigating factor found by the committee was respondent’s cooperative attitude toward the proceedings.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day, with six months deferred, followed by a two-year period of probation.
^Neither respondent nor the ODC filed an objection to the hearing committee’s report or recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings are supported by the record and are not manifestly erroneous. Accordingly, the board adopted the committee’s factual findings and legal conclusions.
Specifically, the board found that respondent violated Rule 1.1(a) of the Rules of Professional Conduct when he failed to withdraw from Ms. Ekpema’s case despite his determination that he could no longer pursue the matter. He violated Rule 1.3 when he failed to diligently pursue Ms. Ekpema’s case, which ultimately caused it to be dismissed as abandoned. He violated Rule 1.4 by failing to respond to Ms. Ekpema’s requests for information and failing to communicate with her regarding his inability to pursue her case. He violated Rule 8.4(d) by allowing Ms. Ekpema’s case to become dismissed as abandoned, causing her to lose her right to seek redress for her injuries. Finally, in violating the above rules, respondent also violated Rule 8.4(a).
The board then determined that respondent knowingly, if not intentionally, violated duties owed to his client. His conduct caused Ms. Ekpema significant harm. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension.
In aggravation, the board found a prior disciplinary record and substantial experience in the practice of law. In mitigation, the board found full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings and remorse.
| yAfter considering this court’s prior jurisprudence addressing similar misconduct, the board recommended that respondent be suspended from the practice of law for one year and one day, with six months deferred, followed by a two-year period of unsupervised probation.
Neither respondent nor the ODC- filed an objection to the disciplinary board’s report or recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In this matter, the record supports a finding that respondent neglected a legal matter, causing the case to be dismissed as abandoned, and failed to communicate with a client. This misconduct amounts to a *248 violation of the Rules of Professional Conduct,as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of | seach case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to his client, which caused significant harm to Ms. Ekpema. The baseline sanction for this type of misconduct is suspension. The record supports the aggravating and mitigating factors found by the board.
Turning to the issue of an appropriate sanction, we find guidance from the case of In re: Christenberry, 13-2461 (La.1/27/14), 132 So.3d 388. In Christenberry, we suspended an attorney from the practice of law for one year and one day, with all but three months deferred, followed by a two-year period of supervised probation, for neglecting two legal matters, failing to communicate with a client, failing to timely refund unearned fees to a client, and failing to cooperate with the ODC in an investigation. Unlike in the instant matter, the attorney in Christenberry eventually completed the two representations he neglected and did not have a prior disciplinary record.
In light of the above, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year and one day, with six months deferred, followed by a two-year period of unsupervised probation.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Melvin N. Cade, Louisiana Bar Roll number 23673, be and he hereby is suspended from the practice of law for one year and one day. It is further ordered that six months of the suspension shall be deferred. The active period of the suspension shall be followed by a two-year period of unsupervised probation. The probationary period |9shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Apparently, respondent and Mr. Gerdes share office space. This court has disciplined Mr. Gerdes twice. In 2004, we suspended him from the practice of law for one year, with six months deferred, followed by a one-year period of probation during which he was required to attend the Louisiana State Bar Association's Ethics School, for neglecting legal matters and failing to communicate with clients. In re: Gerdes, 03-2642 (La.3/12/04), 869 So.2d 106. In 2011, we suspended him from the practice of law for nine months, with all but three months deferred, followed by a one-year period of supervised probation with conditions, for engaging in a conflict of interest, neglecting a legal matter, failing to reduce a contingency fee agreement to writing, and allowing a non-lawyer to attend and participate in two depositions. In re: Gerdes, 11-0200 (La.10/25/11), 74 So.3d 650.