I,ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Vicki Kemp Cruse, an attorney licensed to practice law in Louisiana but currently on interim suspension pursuant to a joint motion of the parties filed in August 2007.
 
 In re: Cruse,
 
 07-1716 (La.8/22/07), 963 So.2d 377.
 

 FORMAL CHARGES
 

 The Weems Matter
 

 In July 2005, Michael Weems retained respondent to represent him in a child custody and visitation matter. On several occasions thereafter, respondent advised Mr. Weems that court dates were scheduled but then had to be continued. Mr. Weems finally contacted the clerk’s office and was advised that nothing was pending-in his case. Mr. Weems confronted respondent, who returned his file to him and refunded the entire fee he paid.
 

 The Brent Matter
 

 In March 2003, Stacy Brent paid respondent $850 to handle an adoption. Before respondent completed the matter, Ms. Brent decided that she no longer wished | gto pursue the adoption, and requested that respondent apply the $850 to a divorce action she intended to pursue. In September 2005, Ms. Brent met with respondent and signed a divorce petition. In December 2005, both respondent and Ms. Brent attended a court date regarding preliminary matters in the divorce proceeding. Thereafter, Ms. Brent had difficulty reaching respondent to discuss the divorce. In September 2006, Ms. Brent filed a complaint against respondent with the ODC.
 

 The McAhpin Matter
 

 In March 2004, Charles McAlpin paid respondent $3,000 to handle a succession matter. Respondent did some work in the matter, but approximately two years later, Mr. McAlpin retained new counsel, Orlando N. Hamilton, Jr., to handle the succession case. Mr. Hamilton requested that respondent return the file, provide an accounting, and refund the unearned portion of Mr. McAlpin’s fee. Respondent failed to do so, and as a result, Mr. Hamilton issued a subpoena to compel respondent’s appearance in court. Respondent appeared in court on September 11, 2006, produced the file, and refunded $2,700 to Mr. McAlpin ($2,000 in the form of a check and $700 in cash). Mr. McAlpin endorsed the check over to Mr. Hamilton to compensate him for legal expenses and costs that had accrued. However, respondent’s check was written on the wrong bank account, and it was subsequently dishonored
 
 *65
 
 for insufficient funds.
 
 [1]
 
 Respondent failed to remit funds to reimburse Mr. Hamilton, despite repeated requests. Consequently, the matter was submitted to the district attorney’s office for prosecution and collection. Respondent pled guilty tojsissuing a worthless check
 
 [2]
 
 and deposited $2,902 into the registry of the court on March 7, 2007.
 

 The Guin Matter
 

 In April 2005, LaDonna Guin paid respondent $1,675 to handle a divorce. Although respondent did some work in the matter, she failed to finalize the divorce and failed to communicate with Ms. Guin regarding the matter. Respondent did not return Ms. Guin’s file to her or refund the unearned portion of her fee, despite repeated requests from Ms. Guin.
 

 In November 2006, Ms. Guin filed a complaint against respondent with the ODC. Respondent failed to file a written response, necessitating the issuance of a subpoena to obtain her sworn statement.
 

 Respondent provided a sworn statement to the ODC on March 29, 2007. During her statement, respondent informed the ODC that she suffers from a severe thyroid condition.
 
 [3]
 
 Respondent testified that her condition has caused extreme physical and emotional difficulties, including depression, sleeplessness, uncontrollable crying, inability to concentrate, and memory loss. Respondent also suffers from severe migraine headaches. As a result of these problems, in 2005, respondent began to reduce her client base. She finally closed her law office in March 2006. Respondent explained that most of her difficulties with her clients arose during this period when she “was fixing to have to face the fact that I was gonna have to close my practice.”
 

 ^DISCIPLINARY PROCEEDINGS
 

 In November 2007, the ODC filed formal charges against respondent, alleging that her conduct as set forth above violated numerous provisions of the Rules of Professional Conduct, including Rules 1.1 (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (failure to timely return an unearned/unreasonable fee), 1.16(a)(2) (failure to withdraw from the representation of a client when the lawyer’s physical or mental condition materially impairs the lawyer’s ability to represent the client), 1.16(a)(3) (failure to withdraw from the representation of a client upon being discharged), 1.16(d) (obligations upon termination of the representation), 2.1 (a lawyer shall exercise independent professional judgment and render candid advice in representing a client), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(a) (a lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter), 8.1(b) (a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (fail
 
 *66
 
 ure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 

 Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on 1 Bthe issue of sanctions. Respondent filed nothing for the committee’s consideration. However, she did later appear at oral argument before a panel of the disciplinary board.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined that the factual allegations of the formal charges are deemed admitted and proven by clear and convincing evidence. Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. In aggravation, the committee found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, submission of false evidence, false statements, or other deceptive practices during the disciplinary process, and substantial experience in the practice of law (admitted 1989). The only mitigating factor found by the committee is the absence of a prior disciplinary record.
 

 Under these circumstances, the committee recommended that respondent be suspended from the practice of law for three years.
 

 Neither respondent nor the ODC filed an objection to the hearing
 
 committee’s
 
 recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined that the hearing committee’s factual findings are not manifestly erroneous, with a few exceptions as noted with respect to the rule violations.
 

 |fiIn the Weems matter, the board found that respondent violated the Rules of Professional Conduct as charged, except that she did not fail to refund an unearned fee. Mr. Weems stated that respondent refunded the entire fee the same day he demanded the refund; thus, respondent acted promptly in refunding the unearned fee.
 

 In the Brent matter, the board found that respondent generally violated the Rules of Professional Conduct as charged. However, the board found respondent did not fail to refund an unearned fee. Respondent’s detailed accounting showed that she earned $1,758.72 on Ms. Brent’s file while Ms. Brent only paid her $850. Furthermore, the ODC made no specific allegation or offered any evidence that respondent charged an excessive fee. Moreover, although respondent was charged in this count with violations of Rules 8.1(a) and 8.4(c), the board determined that respondent did not violate these rules because there is no evidence or factual allegations that she made a false statement in connection with the disciplinary investigation or otherwise engaged in dishonesty, fraud, deceit, or misrepresentation.
 

 In the McAlpin and Guin matters, the board found that respondent violated the
 
 *67
 
 Rules of Professional Conduct as charged.
 
 [4]
 

 The board determined that respondent knowingly violated duties owed to her clients, the public, the legal system, and the legal profession. Respondent harmed her clients by prolonging their legal matters and withholding unearned legal fees, which were needed to retain other counsel. Furthermore, Ms. Guin has never obtained a final judgment of divorce because of respondent’s neglect. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined that the baseline sanction is suspension.
 

 |7The board found the following aggravating factors present: a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the practice of law. The board determined that the only mitigating factor supported by the record is the absence of a prior disciplinary record. However, the board noted that respondent appeared at oral argument before the board panel and offered argument in mitigation. Respondent admitted to the misconduct but stated that it occurred during a period of time in which she was experiencing medical problems. She attributed the misconduct to her health problems and stated that she started to close her law practice in January 2006, before any complaints were filed, because of those health problems. Respondent appeared to be truly remorseful and regretted not closing her law practice before her health problems interfered. Furthermore, she stated that she does not intend to return to the practice of law until she is healthy. Therefore, the board took respondent’s argument into consideration when deciding the appropriate sanction.
 

 In determining an appropriate sanction, the board also relied upon
 
 In re: Small,
 
 03-1736 (La.12/3/03), 863 So.2d 500, and
 
 In re: Ramsey,
 
 07-0006 (La.3/16/07), 951 So.2d 1077. In
 
 Small,
 
 this court suspended an attorney for one year and one day for four counts of misconduct that involved neglecting legal matters, failing to communicate with clients, commingling client funds, failing to properly withdraw from legal matters, and failing to account for or refund unearned fees, which caused serious to egregious harm to the attorney’s clients. Numerous aggravating factors were present and the only mitigating factor was the attorney’s personal and emotional problems. In
 
 Ramsey,
 
 this court suspended an attorney for one year and one day for six counts of misconduct that involved failing to communicate with clients, failing |sto refund an excessive fee, failing to provide accountings and/or refund unearned fees, failing to return client files, practicing law while ineligible, and failing to cooperate with the ODC in its investigation. Numerous aggravating factors were present and the only mitigating factor was the absence of a prior disciplinary record.
 

 The board determined that the instant matter seems to be consistent with
 
 Small
 
 and
 
 Ramsey,
 
 except that those cases involve slightly more egregious conduct since the attorneys refused to recognize the wrongful nature of their conduct. In the instant matter, respondent has admitted her misconduct. Furthermore, the record supports respondent’s argument that the misconduct was confined to 2005
 
 *68
 
 and 2006. Finally, although respondent has not put on evidence of personal and emotional problems, she has taken the extra step of closing her law office until her health allows her to adequately represent clients.
 

 Under these circumstances, the board recommended that respondent be suspended from the practice of law for one year and one day and pay any restitution still owed to her former clients. The board also recommended that respondent be required to address her health issues when and if she applies for reinstatement.
 

 The ODC filed an objection to the disciplinary board’s recommendation. Pursuant to Supreme Court Rule XIX, § 11(G)(1)(b), the case was scheduled on our docket. However, respondent failed to file a brief prior to oral argument. The ODC then filed a motion seeking to waive oral argument. We granted the motion and now consider the case based upon the record.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an _[c¡independent i*eview .of the record to determine whether the alleged misconduct; has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 The deemed admitted facts indicate that respondent neglected legal matters, failed to communicate with her clients, failed to return files to her clients at the conclusion of the representation and failed to refund unearned fees, and failed to cooperate with the ODC in its investigation. Respondent also pleaded guilty to a misdemeanor charge of issuing a worthless check. Respondent has violated the Rules of Professional Conduct as found by the disciplinary board.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington, 459
 
 So.2d 520 (La.1984).
 

 We find that respondent’s conduct was more negligent and knowing than intentional. She violated duties owed to her clients, the legal system, and the legal profession, causing actual harm. The baseline sanction for this type of misconduct is a period of suspension.
 

 Aggravating factors include a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and substantial experience in the 110practice of law. In mitigation, we recognize personal or emotional problems (respondent’s medical condition) and remorse.
 

 Under all the circumstances of this case, we find the one year and one day suspension recommended by the board is appropriate. We will also order respondent to pay any restitution still owed to her clients.
 

 
 *69
 
 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that Vicki Kemp Cruse, Louisiana Bar Roll number 19531, be and she hereby is suspended from the practice of law for one year and one day, retroactive to her August 22, 2007 interim suspension. It is further ordered that respondent shall make restitution of any unearned fees owed to her clients subject of the formal charges. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Retired Judge Philip Ciaccio, assigned as Justice
 
 ad hoc,
 
 sitting for Justice Chet D. Traylor, now retired.
 

 [1]
 

 . Respondent had a client trust account as well as a separate escrow account that she maintained in connection with her work as an agent for a title insurance company. The check to Mr. McAlpin was mistakenly written on the real estate escrow account instead of the client trust account.
 

 [2]
 

 . By agreement with the district attorney's office, respondent pled guilty to a misdemean- or offense.
 

 [3]
 

 .Respondent executed a HIPAA-compliant medical release which authorized the ODC to obtain her medical records; however, respondent’s physician subsequently refused to release the records, claiming that respondent orally instructed her not to do so.
 

 [4]
 

 . The board did note that in charging respondent with failing to refund an unearned fee, the ODC erroneously cited Rule 1.5(a)(4) instead of Rule 1.5(0(5). Regardless, the board found that respondent did fail to timely refund an unearned fee in the McAlpin and Guin matters.