*729 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Carla Ann Brown-Manning, an attorney licensed to practice law in Louisiana.
FORMAL CHARGES

The Franklin Matter

In March 2011, Cynthia Franklin hired respondent to handle her brother’s: ongoing succession proceeding. Their written fee agreement called for a $2,500 flat fee for respondent’s services, of which Ms. Franklin paid a total of $2,200.
According to Ms. Franklin, respondent did very little work in the matter, and she was unable to contact respondent via telephone when she had questions. Ms. Franklin also indicatéd that she had to hire and pay another attorney to complete the work because respondent failed to do so.
In June 2013, Ms. Franklin filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena to obtain her sworn statement. A few days before the scheduled sworn statement, respondent appeared at the ODC’s office with Ms. Franklin’s file and indicated she would submit a written response before October 21, 2013. In her written response, respondent outlined the work she had performed on Ms. | gFrankIin’s behalf but indicated that Ms. Franklin terminated her services before she completed the matter.
In response, Ms. Franklin informed the ODC that respondent never returned her file to. her. Between December 6, 2013 and March 15, 2014, the ODC sent three written requests to respondent, including one that was personally.- served upon her by the ODC’s-investigator, asking whether she had returned Ms. Franklin’s file. On March 31, 2014, respondent submitted a written response, indicating she would return Ms. Franklin’s file-within the ■-next five days and would refund Ms. Franklin’s fee. The ODC again subpoenaed respondent for a sworn statement when she failed to respond to a request for documentation that she had returned the file and fee. Respondent eventually sent a fax to the ODC indicating she had returned- Ms. Franklin’s- file but was still trying to get *730 the funds together for Ms. Franklin’s refund. ■
On May 16, 2014, the ODC served respondent with a subpoena to appear for a sworn statement. Respondent’s sworn statement was scheduled for June 10,2014, but she failed to appear.

The Faciane Matter

In May 2013; Umeka Faciane hired respondent, to have an arrest expunged from her record so she would be able to sit for some medical licensing exams. Both respondent and Ms. Faciane acknowledged that Ms. Fáciane paid respondent for this service.
According to Ms. Faciane, respondent failed to file the expungement despite being paid to do so. Ms. Faciane also indicated that respondent informed her the expungement wás filed; however, when Ms. Faciane checked with the district attorney’s office, she was informed the ex-pungement had not been filed. Ms. liiFaciane also requested that respondent send a copy of the documents she had filed on Ms. Faciane’s behalf, but respondent failed to do so.
In December 2013, Ms. Faciane filed a complaint against respondent with the ODC. After being sent several notices of the complaint, including one notice that was served upon her by the ODC’s investigator, respondent faxed a- short written response informing the ODC that she could not explain what happened to Ms. Faciane’s expungement. Attached to the response was a copy of a letter to the clerk of court, indicating respondent had sent to the court four money orders needed to process the expungement application. The ODC contacted the court’s criminal records division, who informed the ODC that no expungement had ever been filed on Ms. Faciane’s behalf. The ODC then requested that respondent provide copies of the four money orders along with confirmation they were deposited. Respondent failed to respond to this request.
On May 16, 2014, the ODC served respondent with a subpoena to appear for a sworn statement. Respondent’s sworn statement was scheduled for June 10, 2014, but she failed to appear.
DISCIPLINARY PROCEEDINGS
In October 2014, the ODC filed formal charges against respondent, alleging that her conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(5) (failure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), 8;i(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct). Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted. and proven by clear and |4convincing evidence pursuant, to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined that the factual allegations in the formal charges were deemed admitted; thus, the committee accepted the factual allegations as proven. Based on those facts and the -supporting evidence submitted by the ODC, the committee found respondent violated the Rules of Professional Conduct as charged.
*731 • The committee then determined respondent knowingly violated duties owed to her clients, the legal profession, and the legal system. Her conduct caused potentially serious harm to her clients. Ms. Franklin was forced to hire and pay another attorney, and Ms. Faciane was prevented from, or at least delayed in, working in her chosen field.
In aggravation, the committee found a pattern of misconduct, multiple offenses, and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency. The sole mitigating factor found by the committee was the absence of a prior disciplinary record.
Considering these factors, as well as this court’s prior jurisprudence addressing similar misconduct, the committee' recommended respondent be suspended from the practice of law for one year and one day. The committee also | ¿recommended respondent be ordered to reimburse any unearned fees to her clients and/or reimburse the Client Assistance Fund as appropriate.[1]
Neither respondent nor the GDC filed an objection to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board determined the healing committee’s factual findings are supported by the deemed admitted factual allegations asserted in the formal charges and/or by the evidence submitted in support of. those allegations. The board also determined the committee correctly applied the Rules of Professional Conduct when it concluded respondent violated the rules as alleged in the formal charges.
The board then determined respondent .knowingly violated duties owed to her clients and the legal profession. Her conduct caused serious actual harm to her clients and also, harmed .the legal profession by forcing the ODC to expend additional resources in. its investigations. The board agreed with the aggravating and mitigating factors found by the com.mittee .and also recognized the presence of an indifference to making restitution as an additional aggravating factor. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension.
After also considering this court’s prior jurisprudence addressing similar misconduct, the board recommended respondent be .suspended from the practice of|filaw for one year and one day. The board also recommended respondent be ordered to make restitution to her clients and/or the Client Assistance Fund.[2]
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary . matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, ,we act as triers of fact and conduct an independent review of the record to. determine whether the alleged misconduct has been proven by clear and ronvinc- *732 ing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of §; 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual' allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The evidence in the record of this deemed admitted matter supports a finding that respondent neglected her clients’ legal matters, failed to communicate with her clients, failed to refund unearned fees, and failed to cooperate with the ODC in its ^investigations. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In' determining a sanction, we are mindful that diseiplihary proceedings are designed to maintain' high standards of conduct, protect the public, preservé the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon, the facts of each case and the seriousness of the offenses- involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to her clients and the legal profession,’ causing actual harm. The baseline sanction for this type of misconduct is suspension. The record supports the aggravating arid mitigating factors found by the disciplinary board.
Turning to the'-issue of ¿n appropriate sanction, we find guidance from the following cases: In re: Cruse, 09-0028 (La.6/26/09), 15 So.3d 63; In re: Engum, 09-1619 (La.10/28/09), 21 So.3d 926; and In re: Ford, 09-2524 (La.3/26/10), 30 So.3d 742. In Cruse, an attorney neglected legal matters, failed to communicate with clients, failed to return client files, failed to •refund unearned fees, and failed to cooperate with the ODC in an investigation. For this misconduct, we suspended the attorney from the practice of law for one year and one day and ordered the attorney to refund any unearned fees. Likewise, En-gum involved an attorney who neglected legal matters, failed to communicate with clients, failed to timely account for or refund unearned, fees, and failed to fully cooperate with the ODC in its investigations. For this misconduct, we suspended the attorney from the practice of law for one year and one day and ordered the attorney to make | «restitution to one of the clients. Finally, in Ford, an-attorney neglected1 a legal matter, failed to communicate with her clients, failed to refund a $5,000 unearned fee, made false statements to the disciplinary board and the ODC, and failed to cooperate with the ODC ■ in its investigation. Notably, the attorney had previously been disciplined for similar misconduct. As such, we suspended the attorney from the practice of law for one year and one day and ordered the attorney to refund the $5,000 unearned fee. In light of this case law, suspending *733 respondent from the practice of law for one year and one day is warranted.
Accordingly, we will accept the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day. We will further order respondent to make restitution to her clients and/or the Client Assistance Fund.
DECREE
Upon review of the findings and recommendations .of the hearing committee and disciplinary board, and considering the record, it is ordered that Carla A. Brown-Manning, Louisiana Bar Roll number 29545, be and she hereby is suspended from the practice of law for one year and one day. It is further ordered that respondent shall make restitution to Cynthia Franklin, Ümeka Faciane, and/or the Client Assistance Fund, as appropriated All costs and expenses in the matter aré assessed against respondent in accordance with Supreme Court, Rule XIX, § 10.1, with legal interest, to commence thirty days from the date of finality of this court’s judgment until paid.

. In September 2014, Ms. Faciane filed an application for relief with the Client Assistance Fund. Apparently, her claim was not yet concluded by the time the committee filed its report and recommendation with the disciplinary board on May 19, 2015.

. At the September 24, 2015 oral argument befdre the board panel, the ODC informed the panel that Ms. Faciane had received funds from the Client Assistance Fund. The record does not indicate the amount of funds she received.