PER CURIAM
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Neil Dennis William Montgomery, an attorney licensed to practice law in Louisiana but currently ineligible to practice.[1]
FORMAL CHARGES
16-DB-096
In October 2013, Jason Burke paid respondent $2,000 to represent him in a divorce matter. Thereafter, respondent failed to take any action in the matter and failed to respond to Mr. Burke's requests for information. In July 2015, Mr. Burke *403 filed a complaint against respondent with the ODC. Respondent did not reply to the complaint.
The ODC alleged respondent's misconduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b) (failure to comply with MCLE requirements), 1.1(c) (failure to pay bar dues and the disciplinary assessment), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct).
17-DB-031
In August 2013, George McIntosh retained respondent to represent him in a divorce, custody, and support matter, paying him $7,500. Mr. McIntosh never received a billing statement from respondent to account for these funds.
On December 2, 2013, respondent appeared in court with Mr. McIntosh. Without consulting with Mr. McIntosh, respondent waived Mr. McIntosh's right to support, although his wife's income was substantially more than his and waiving his right to support did not serve his interest.
After the hearing, Mr. McIntosh saw respondent only twice, and only when their paths crossed at coffee shops, as opposed to scheduled meetings at respondent's office. Mr. McIntosh also had a difficult time reaching respondent by phone. He called respondent repeatedly for a month at a time, sometimes longer, before getting any response. Eventually, Mr. McIntosh was able to reach respondent on his cell phone and they discussed the need to file a detailed descriptive list and to traverse the descriptive list filed by the opposing party. Mr. McIntosh last made contact with respondent in April 2015, when respondent advised that he would be filing a detailed descriptive list in the matter. Mr. McIntosh made numerous attempts to contact respondent after this date, to no avail.
In September 2015, Mr. McIntosh was served with a rule to show cause why the opposing party's detailed descriptive list of assets and liabilities should not be approved. Mr. McIntosh tried numerous times to reach respondent regarding this matter, but he was not successful. Mr. McIntosh then reviewed the record and learned that respondent did not file his detailed descriptive list or the motion to traverse the opposing party's list. Mr. McIntosh further learned that a final divorce judgment was granted in May 2015, and that respondent had been served with notice of the rule to set the divorce hearing, but failed to appear and failed to notify Mr. McIntosh.
In November 2015, Mr. McIntosh retained new counsel to complete the matter. In July 2016, Mr. McIntosh filed a disciplinary complaint against respondent. Respondent failed to answer the complaint, necessitating the issuance of a subpoena for his sworn statement. To date, the ODC has been unable to successfully locate respondent and respondent has not contacted the ODC.
The ODC alleged respondent's misconduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5(f)(4) failure to account for funds paid in advance), 1.16(d), 8.1(c), and 8.4(a).
DISCIPLINARY PROCEEDINGS
The ODC filed two sets of formal charges against respondent under disciplinary board docket numbers 16-DB-096 and 17-DB-031. Respondent failed to answer *404 either set of formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3).
In July 2017, the matters were consolidated by order of the hearing committee chair. No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.
Hearing Committee Report
After considering the ODC's deemed admitted submission, the hearing committee noted that the facts alleged in the formal charges are deemed admitted. Based on those facts, the committee determined that respondent violated Rules 1.1(b), 1.1(c), 1.3, 1.4, 1.5(f)(4), 1.16(d), 8.1(c), and 8.4(a) of the Rules of Professional Conduct.
The committee determined that respondent negligently violated duties owed to his clients, the legal system, and the legal profession. The committee noted that the amount of injury he caused is difficult to ascertain from the record but found that actual injury did occur as a result of respondent's misconduct.
The committee determined that the applicable baseline sanction is suspension. The committee did not mention the presence of any aggravating factors, but noted that respondent became ineligible to practice law shortly after the misconduct occurred, demonstrating respondent's disconnection from the requirements of the practice of law. The committee noted that no mitigating factors were found.
After also considering this court's prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law for one year and one day.
Neither respondent nor the ODC filed an objection to the hearing committee's report.
Disciplinary Board Recommendation
After reviewing these consolidated matters, the disciplinary board determined that the factual allegations of the formal charges are deemed admitted and proven by clear and convincing evidence. The board also determined that the legal conclusions of the committee are supported by the factual allegations asserted in the formal charges and/or by the evidence submitted in support of the factual allegations. Based on these findings, the board concluded that the committee correctly applied the Rules of Professional Conduct.
The board determined that respondent knowingly violated duties owed to the public, the legal system, and the legal profession. His conduct caused actual injury. Both clients paid for work that respondent did not complete and Mr. McIntosh had to retain new counsel to complete his matter. Respondent also did not respond to the complaints or cooperate in the ODC's investigations. The deemed admitted facts and evidence in the record demonstrate that respondent knew or should have known that his lack of diligence and lack of communication negatively impacted his clients and was below the standard required by the Rules of Professional Conduct. Further, respondent certainly knew that he collected fees for work he did not complete.
After considering the ABA's Standards for Imposing Lawyer Sanctions , the board determined the baseline sanction is suspension. The board found the following aggravating factors are present: multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the *405 disciplinary agency, substantial experience in the practice of law (admitted 2006), and indifference to making restitution. The sole mitigating factor found by the board was the absence of a prior disciplinary record.
After further considering this court's prior jurisprudence addressing similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day. The board also recommended respondent be required to pay restitution to his clients, with legal interest. The board further recommended respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan , 01-3058 (La. 1/10/03), 838 So.2d 715.
The evidence in the record of this deemed admitted matter supports a finding that respondent failed to comply with bar obligations, neglected legal matters, failed to communicate with clients, failed to account for fees, and failed to cooperate with the ODC in its investigations. Based on these facts, respondent has violated Rules 1.1(b), 1.1(c), 1.3, 1.4, 1.5(f)(4), 1.16(d), 8.1(c), and 8.4(a) of the Rules of Professional Conduct.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
The record also supports a finding that respondent knowingly violated duties owed to his clients, the legal system, and the legal profession, causing actual harm. The baseline sanction for this type of misconduct is suspension. We agree with the board's assessment of aggravating and mitigating factors.
Turning to the issue of an appropriate sanction, we find guidance from In re: Brown-Manning , 15-2342 (La. 3/4/16), 185 So.3d 728, wherein an attorney neglected two legal matters, failed to communicate with two clients, failed to refund unearned fees, and failed to cooperate with the ODC
*406 in two investigations. For this misconduct, we suspended the attorney from the practice of law for one year and one day.
In light of this jurisprudence, we will accept the disciplinary board's recommendation and suspend respondent from the practice of law for one year and one day. We will also order respondent to provide an accounting and make restitution of any unearned fees to Mr. Burke and Mr. McIntosh.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Neil Dennis William Montgomery, Louisiana Bar Roll number 30204, be and he hereby is suspended from the practice of law for one year and one day. It is further ordered that respondent shall provide an accounting and a refund of unearned fees, with legal interest, to Jason Burke and George McIntosh. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
CLARK, J., dissents and assigns reasons.
CRICHTON, J., dissents in part and assigns reasons.

On September 9, 2015, respondent was declared ineligible to practice law for failing to pay bar dues and the disciplinary assessment and for failing to file his trust account disclosure statement. He is also ineligible for failure to comply with the mandatory continuing legal education requirements.