CLARK, J., dissenting.
I dissent. I would disbar.
CRICHTON, J., dissents in part and assigns reasons
I agree with the per curiam that respondent has knowingly violated duties owed to his clients, the legal system, and the legal profession, causing actual harm. However, I disagree with the Court's imposition of a suspension of one year and one day, as I find this sanction to be too lenient. The per curiam relies upon In re: Brown-Manning , 15-2342 (La. 3/4/16), 185 So.3d 728, in support of its imposition of suspension in this matter. However, the respondent in Brown-Manning , while admittedly somewhat uncooperative with the Office of Disciplinary Counsel ("ODC"), did actually respond to some requests for files and documents. Here, respondent has made zero effort to respond to any of the accusations against him, failed to make restitution, and has never appeared in response to any subpoena issued to him. In fact, the record reflects ODC still has been unable to actually locate respondent and respondent has not contacted ODC.[1] Thus, I find Brown-Manning distinguishable from the instant matter, and providing little support for the sanction imposed here. Based upon the record before the Court in this case, I would impose disbarment.

Louisiana Rules of Professional Conduct, Rule 1.1 (c) provides that "[a] lawyer is required to comply with all of the requirements of the Supreme Court's rules regarding annual registration, including payment of Bar dues, payment of the disciplinary assessment, timely notification of changes of address , and proper disclosure of trust account information or any changes therein." (Emphasis added)